UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>CHARLES MARSHALL SMITH,<br><br>　　　　　　　　　　Defendant. | CR 17-40100<br><br>MEMORANDUM OPINION AND ORDER DENYING FIRST STEP ACT MOTION |

　　　　Charles Marshall Smith ("Smith") filed a pro se motion for relief under section 401 of the First Step Act. (Doc. 160.) The government opposes the motion. (Doc. 162.) For the following reasons the motion is denied.

## BACKGROUND

　　　　On November 27, 2018, Smith pleaded guilty to possession with intent to distribute 280 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(l). Because Smith had previously been convicted of felony drug offenses, the Government filed a notice pursuant to 21 U.S.C. § 851(a).[1] (Doc. 97.) Smith had numerous prior convictions for felony drug offenses, but the government asserted only one prior conviction in the § 851 information. The following prior convictions are listed in Smith's presentence investigation report (PSR):

---

[1] At the time of Smith's plea hearing, the Controlled Substances Act provided that if a defendant was convicted of a federal drug offense, his mandatory minimum sentence could be enhanced if the government filed an information pursuant to 21 U.S.C. § 851 alleging a prior conviction for a felony drug offense. The enhancement increases if two or more prior felony drug offenses are alleged in the information. See 21 U.S.C. §§ 841(b)(1)(A), 802(44), & 851. The First Step Act was enacted on December 21, 2018, after Smith's change of plea and before his sentencing. As explained below, the First Step Act amended the Controlled Substances Act in two ways that are relevant to the arguments that Smith asserts in this motion.

> The PSR attributed 21 criminal history points for many convictions in Mr. Smith's criminal history. Id. at pp. 7-13, ¶¶ 30-53. This placed Mr. Smith in criminal history category VI. Id. at p. 13, ¶ 53. Mr. Smith's criminal convictions included a felony conviction for manufacture/delivery of a controlled substance for which Mr. Smith was sentenced to four years' imprisonment (04/18/02, 00CR1467001). Id. at p. 8, ¶ 32. This sentence ran concurrent to a conviction for a second charge of manufacture/delivery of a controlled substance, for which Mr. Smith was also sentenced at the same time to four years' imprisonment. Id. at ¶ 33 (04/18/02, 00CR1929501). Both of these sentences also ran concurrent to a third conviction for manufacture/delivery of a controlled substance, for which Mr. Smith was sentenced to three years' imprisonment. Id. at ¶ 34 (04/18/02, 01CR1301501). Another conviction for manufacture/delivery of a controlled substance occurred in 2003 for which Mr. Smith was sentenced in 2004 to three years' imprisonment. Id. at p. 9, ¶ 35 (12/10/04, 03CR2607101). This was followed by a conviction for possession of a controlled substance, on which Mr. Smith was sentenced to 18 months' imprisonment. Id. at p. 10, ¶ 38 (12/18/07, 06CR2095701). This sentence ran concurrently with another felony drug conviction for possession of a controlled substance, for which Mr. Smith was also sentenced to 18 months' imprisonment. Id. at ¶ 39 (12/18/07, 06CR2095601). Mr. Smith was again convicted in 2009 of a felony count of possession of a controlled substance for which he was sentenced to six years' imprisonment. Id. at p. 11, ¶ 43 (12/02/09, 09CR0785501). Finally, Mr. Smith had a conviction for possession of cannabis, 10 to 30 grams, for which he was sentenced in 2013 to one year of imprisonment. Id. at p. 12, ¶ 46 (09/12/13, 12CR2270701). All of these convictions took place in state court in Cook County Circuit Court, Chicago, Illinois. Id. at pp. 7-12, ¶¶ 32-47.

*See* CIV 20-04019, Report and Recommendation on § 2255 Motion to Vacate, Doc. 32, pp. 14-15 (citing PSR).

At the change of plea hearing on November 27, 2018, Smith admitted to the conviction listed in the government's § 851 information during the following colloquy:

> THE COURT: Mr. Smith, there was an information filed under 21 U.S.C. Section 851, and the government alleges that you have a prior conviction for a felony drug offense. I'm going to ask you if you admit or deny that you have this prior offense, prior conviction.
> I wanted to let you know that if you are denying it, then I would have another hearing with regard to that. If you admit it today, you're not able to challenge it at a later time.
> Do you understand that?
>
> THE DEFENDANT: Yes, I understand that.
>
> THE COURT: Okay. So the government alleges that you have a prior conviction for a felony drug offense; namely, that you were convicted of manufacturing, delivering a controlled substance, that the judgment was entered on or about April 18, 2002, in Cook County, Illinois, File No. 00CR1467001.
> Do you admit that you have that prior conviction?

THE DEFENDANT: Yes, I do.

(Doc. 133, pp. 15-16.)

The Court also informed Smith at his change of plea hearing that he was subject to a 20-year mandatory minimum sentence. (Doc. 133, p. 6.) The First Step Act was enacted less than a month after Smith's plea hearing. As discussed below, one amendment under the Act reduced the mandatory minimum sentence from 20 years to 15 years if a defendant had one qualifying prior drug conviction.

On March 25, 2019, Smith was sentenced to 262 months' imprisonment followed by ten years' supervised release. (Doc. 123.) This sentence was at the very bottom of Smith's sentencing guideline range of 262 to 327 months.

Smith filed a timely notice of appeal. (Doc. 126.) On August 30, 2019, the Eighth Circuit dismissed the appeal based on Smith's waiver of his appeal rights in his plea agreement. (Doc. 136.) Smith then filed a § 2255 motion to vacate his sentence, which the Court denied. (CIV 20-4019, Doc. 42.) On March 12, 2021, Smith filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 138.) The Court denied the motion for compassionate release. (Doc. 154.)

In the instant motion, Smith asks the Court to reconsider his sentence in light of section 401 of the First Step Act.

## DISCUSSION

### A. First Step Act

On December 21, 2018, Congress passed, and the President signed into law, the First Step Act. Section 401 of the First Step Act modified 21 U.S.C § 851 in two ways that are relevant to Smith's request for relief in this motion.

First, § 401 reduced the enhanced mandatory minimum penalties triggered by a § 851 information, applicable to offenders with one or more prior predicate offenses. *See* First Step Act § 401(a)(2). For defendants such as Smith where the government alleged only one prior qualifying offense in the § 851 information, § 401 reduced the mandatory minimum penalty from 20 years to 15 years. *Id.*

Second, § 401 changed what qualifies as a predicate offense to trigger an enhancement under 21 U.S.C. § 841(b)(1)(A). Before the First Step Act became effective, any "felony drug offense," could trigger the enhanced mandatory minimum sentences. Section 401 changed the trigging offense to a "serious drug felony." A "serious drug felony" was defined as an offense for which an offender actually served a term imprisonment of more than one year, rather than the previous "felony drug offense," defined as an offense that was punishable by imprisonment of more than one year. *See* 21 U.S.C. § 851 (as amended by the First Step Act, § 401(a)); *see also* 21 U.S.C. § 802(57)(A) (defining "serious drug felony").

These statutory changes applied to Smith because his offense occurred before the First Step Act's enactment, and he was sentenced after it was enacted. *See* First Step Act § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.")

## B. Defendant's Claims

### 1. Mandatory Minimum

Smith's first claim is that the Court failed to apply the First Step Act's lower 15-year mandatory minimum at his sentencing on March 25, 2019. The record belies Smith's claim. The very first page of Smith's presentence investigation report (PSR) states "Penalty: Mandatory minimum 15 years to life imprisonment." Paragraphs 109 and 111 of the PSR also reflect that the 15-year mandatory minimum applied to Smith. ("The minimum term of imprisonment is 15 years"; "As a result of the Information, the defendant's mandatory minimum exposure to imprisonment increased from 10 years to 15 years."). In addition, the Sentencing Transcript shows that the Court and defense counsel both noted the mandatory minimum sentence for Smith was 15 years' custody. (Doc. 130, pp. 6-7.) Thus, Smith's argument that the Court applied the wrong mandatory minimum fails.

### 2. Triggering Offense

Next, Smith points out that, before the First Step Act, mandatory minimum sentences could be triggered by any "felony drug offense," but after the First Step Act, the offense had to be a "serious drug felony," meaning that the defendant had to have served more than one year in custody for the offense to qualify. Smith contends that his prior conviction set forth in the § 851 information does not qualify as a serious drug felony because he did not serve more than a year of

that sentence. This argument is to no avail because the § 851 information had no effect on Smith's 262-month sentence. The § 851 information ensured that Smith could not be sentenced below the mandatory minimum of 15 years, or 180 months. However, Smith's sentencing guideline range of 262 to 327 months' imprisonment far exceeded the mandatory minimum. His guideline range would have been the same without the § 851 information.

### 3. Career Offender

Finally, Smith seeks a sentence reduction under § 401 of the First Step Act based on reconsideration of his career offender status.[2] He maintains that some of his prior controlled substance offenses should have been treated as a single conviction. Smith cites no authority for the proposition that his career offender status can be reconsidered under § 401 of the First Step Act.[3] Smith's guideline range was based on calculations related to his offense of conviction and his extensive criminal history. The First Step Act was a statutory amendment – it did not change the career offender guidelines or anything else in the federal sentencing guidelines. Simply put, the First Step Act had no bearing on Smith's guideline range or the ultimate sentence that was imposed, and the Court has no authority to reconsider his guideline range.

To the extent that Smith's motion could be interpreted as a collateral attack on his sentence under 28 U.S.C. § 2255, it must be denied for failure to obtain authorization from the Eighth Circuit. The law limits a defendant to one § 2255 motion unless he obtains certification for a successive motion from the Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(h); *United States v. Lambros*, 404 F.3d 1034, 1036–37 (8th Cir. 2005). Accordingly,

---

[2] The PSR determined that Smith was a career offender, under U.S.S.G. § 4B1.1, for having at least two prior felony convictions for a controlled substance offense. (PSR, ¶ 27.) Thus, his offense level increased. (*Id.*) The career offender status did not increase Smith's criminal history category because his prior convictions had already established a criminal history category of VI. (*Id.* at ¶ 53.)

[3] A challenge to a sentencing guideline range is one that should be raised in a direct appeal from the sentence. *See Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995) (holding that "claims of error in interpreting the career offender guidelines" must be brought on direct appeal and are not cognizable under section 2255, unless the sentencing error resulted in a "miscarriage of justice").

5

**IT IS ORDERED**:

1. That defendant Charles Marshall Smith's motion for relief pursuant to § 401 of the First Step Act is denied. (Doc. 160.)
2. That the motion to withdraw the supplement is granted. (Doc. 164.)

Dated this 22nd day of May, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK